# IN THE COURT OF APPEALS OF IOWA

No. 24-1421
Filed August 6, 2025

SCOTT R. LUKE,
        Plaintiff-Appellant,

vs.

STATE OF IOWA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
FAMILIES FIRST COUNSELING, SAMANTHA WEIGMAN, KATRINA GUHL
(f/k/a MILLER), JENNIFER WHITE, CERRO GORDO COUNTY ATTORNEY'S
OFFICE, and DAVID GROOTERS,
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Cerro Gordo County, Gregg R.
Rosenbladt (dismissal of § 1983 claim and reconsideration of initial dismissal
order) and Colleen Weiland (dismissal of other claims), Judges.

        A plaintiff appeals the district court's dismissals of his claims.  **AFFIRMED.**

        Scott Luke, Ames, self-represented appellant.

        Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney
General, for State appellees.

        Bruce L. Gettman Jr. and Luke M. Zahari of Redfern, Mason, Larsen, &
Moore, P.L.C., Cedar Falls, for appellees Families First Counseling and Katrina
Guhl.

        Considered without oral argument by Tabor, C.J., and Ahlers and
Langholz, JJ.

**LANGHOLZ, Judge.**

In February 2021, an infant tragically died in his mother's care from severe malnourishment. At the time, the child was the subject of a child-in-need-of-assistance case and had been removed from his father's custody. *See generally* Iowa Code §§ 232.2(6), 232.95 (2020). A little over two years after the child's death, the father—Scott Luke—sued the State, two Iowa Department of Health and Human Services employees, the Cerro Gordo County Attorney, the child's guardian ad litem, the private counseling service Families First Counseling, and a Families First employee—persons and entities he alleged were connected with the child-in-need-of-assistance case. Luke repleaded several times, ultimately bringing wrongful-death, loss-of-consortium, and federal civil rights claims.

Across several rulings, the district court dismissed all of Luke's claims. Relevant here, the court found: (1) Luke was not the administrator of the son's estate and thus could not bring a wrongful-death claim, (2) he failed to exhaust his tort claim against the State, (3) the statute of limitations barred his loss-of-consortium and § 1983 claims against all defendants, and (4) Families First and its employee were not state actors and thus could not be sued under § 1983. He now appeals those dismissals, seeking to reinstate his claims. Because the district court did not err, we affirm its dismissal of all Luke's claims.

*A Preliminary Concern*. Luke is self-represented, and we will consider his arguments as we understand them and to the extent they are preserved for appeal. But we also note that Luke's brief is riddled with citations to nonexistent Iowa cases. We share the appellees' concerns that Luke possibly misused an artificial intelligence tool when preparing his brief, resulting in pages of discussion based

on fake cases. And we stress that self-represented litigants and attorneys alike have a duty to independently verify the authenticity and veracity of all sources and assertions when relying on artificial intelligence tools to prepare trial or appellate court filings.

*Wrongful Death*. Turning to the merits, Luke first argues that his wrongful-death claim was timely and that dismissing the claim improperly elevates procedure over merits. Yet the district court correctly applied Iowa law when it dismissed this claim for lack of standing. "The right to recover wrongful-death damages in Iowa is vested exclusively in the estate representative, *and* the recovery belongs to the estate." *Roth v. Evangelical Lutheran Good Samaritan Soc'y*, 886 N.W.2d 601, 608 (Iowa 2016). Because Luke is not the administrator of the child's estate, he cannot pursue a wrongful-death claim, regardless of whether it was timely filed.

*Loss of Consortium*. Luke next argues that his loss-of-consortium claim was timely—despite filing his petition one day beyond the two-year limitations period—because filing tort claims under the Iowa Tort Claims Act should toll the limitations period for all defendants. To support his argument, Luke points us to Iowa Code section 614.10 (2023). But that section is a savings statute, which allows plaintiffs who initially filed a timely suit to refile within six months of a dismissal without breaching the limitations period. *See* Iowa Code § 614.10. The provision does not toll the limitations period for plaintiffs who have administratively pending tort claims. *See generally* Iowa Code ch. 669. And while Luke indeed repleaded many times, his initial petition was filed more than two years from the

child's death.  *See id.* § 614.1(2).  So the savings statute cannot salvage his loss-of-consortium claim against Families First or its employee.

Nor was Luke's loss-of-consortium claim against the State properly filed. To sue the State for tort damages, parties must first exhaust their administrative remedies by filing a claim with the director of the department of management.  *See id.* §§ 669.3, 669.5.  A party may only sue the State in district court if "the attorney general has made final disposition of the claim" or six months has passed since submission.  *Id.* § 669.5(1).  Luke sued the State in March 2023, just under a month after he filed tort claims with the director.  So the district court correctly dismissed this claim against the State.

*Section 1983*.  Finally, Luke renews his argument that the savings statute should salvage his untimely § 1983 claims against the defendants.  For the reasons already stated, no provision tolled the two-year limitations period to bring a § 1983 claim.  Thus, even if Families First and its employee were acting under color of state law as required for claims under § 1983, the claims were properly dismissed as untimely against all the defendants.

**AFFIRMED.**